UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| CHAD ALLEN DORTON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Nos. 2:19-CV-159 |
| | )       2:16-CR-096 |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM OPINION**

Before the Court is Chad Allen Dorton's ("Petitioner's") *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Doc. 1; Criminal Docket ("Crim.") Doc. 420].[1] The United States has responded in opposition [Doc. 9]. Petitioner did not file a reply, and the time for doing so has passed. *See* Rule 5(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts; *see also* [Doc. 7]. Petitioner has also filed a motion to appoint counsel [Doc. 15], which is pending before this Court. For the reasons below, Petitioner's § 2255 motion [Doc. 1; Crim. Doc. 420] and motion for counsel [Doc. 15] will be **DENIED**.

I. **BACKGROUND**

In November 2016, Petitioner and nine co-defendants were charged in an eleven-count superseding indictment pertaining to conspiracy to distribute and possession with the

---

[1] Document numbers not otherwise specified refer to the civil docket.

intent to distribute 1,000 kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, along with related gun charges and forfeiture allegations. [Crim. Doc. 62]. Petitioner was named in one count and forfeiture allegations. [*See id*.]. On September 12, 2017, Petitioner's trial began. [Crim. Doc. 231]. On September 14, 2017, the jury returned a guilty verdict as to Count One, conspiracy to distribute and possession with intent to distribute 1,000 kilograms or more of marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) against Petitioner. [Crim. Doc. 236].

The Presentence Investigation Report ("PSR") calculated a total offense level of 32 and a criminal history category of IV, resulting in an Advisory Guidelines range of 168 to 210 months' imprisonment. [Crim. Doc. 290, ¶ 77].

The Government filed a notice of no objections to the PSR. [Crim. Doc. 292]. The government also filed a sentencing memorandum wherein it concurred that the correct Advisory Guidelines range was 168 to 210 months' imprisonment and requested a sentence within that range. [Crim Doc. 322].

Petitioner, through counsel, filed a notice of objections to the PSR, objecting to the enhancement for obstruction of justice due to Petitioner's theft of marijuana at the impound lot. [Crim. Doc. 294]. Petitioner, through counsel, also filed a sentencing memorandum, stating that Petitioner's Advisory Guidelines range if his objection to the PSR is sustained would be 135-168 months' imprisonment and requested a variance for a sentence of 120 months' imprisonment, the statutory mandatory minimum. [Crim. Doc. 326].

2

On December 4, 2017, the Court overruled Petitioner's PSR objection and sentenced him to a total of 168 months' imprisonment and then five years of supervised release. [Crim. Docs. 338 & 345]. Petitioner filed an appeal on December 7, 2017 [Crim. Doc. 342], and the Court of Appeals affirmed Petitioner's sentence on July 2, 2018. [Crim. Doc. 376]. Petitioner filed a motion for writ of certiorari [Crim. Doc. 386], which was denied on October 1, 2018 [Crim. Doc. 392]. On September 1, 2019, Petitioner filed this timely § 2255 motion to vacate.

II.     **STANDARD OF REVIEW**

Under § 2255(a), a federal prisoner may move to vacate, set aside, or correct his judgment of conviction and sentence if he claims that the sentence was imposed in violation of the Constitution or laws of the United States, that the court lacked jurisdiction to impose the sentence, or that the sentence is in excess of the maximum authorized by law or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). As a threshold standard, to obtain post-conviction relief under § 2255, the motion must allege: (1) an error of constitutional magnitude; (2) a sentence imposed outside the federal statutory limits; or (3) an error of fact or law so fundamental as to render the entire criminal proceeding invalid. *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003).

A movant bears the burden of demonstrating an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *See Reed v. Farley*, 512 U.S. 339, 353 (1994) (noting that the Petitioner had not shown that his ability to present a defense was prejudiced by the alleged constitutional error); *Brecht v.*

3

*Abrahamson*, 507 U.S. 619, 637-38 (1993) (addressing the harmless-error standard that applies in habeas cases alleging constitutional error). To obtain collateral relief under § 2255, a movant must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982).

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). A movant must prove that he is entitled to relief by a preponderance of evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). A motion that merely states general conclusions of law, without substantiating the allegations with facts, is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W. D. Tenn. 1996).

Under Rule 8(a) of the Governing Rules, the Court is to review the answer, any transcripts, and records of prior proceedings and any material submitted under Rule 7 to determine whether an evidentiary hearing is warranted. Rules Governing Section 2255 Proceedings, Rule 8(a). If a petitioner presents a factual dispute, then "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)). An evidentiary hearing is not required "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of facts." *Valentine*, 488 F.3d at 333 (quoting *Arrendondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). The Court **FINDS** no need for an evidentiary hearing in the instant case.

4

### III. ANALYSIS

As an initial matter, Petitioner seems to raise three claims in this § 2255 motion: 1) that there was a Fifth Amendment violation in admitting evidence of Petitioner's alleged theft, 2) four grounds of ineffective assistance of counsel, and 3) that the Court erred in the Guidelines calculations regarding the weight of the drugs and relevant conduct. [Doc. 1; Crim. Doc. 420]. The Court will first address Petitioner's motion for counsel [Doc. 15], then Claim 1, Claim 3, and Claim 2.

#### A. Motion for Counsel [Doc. 15]

Petitioner filed a motion for appointed counsel, requesting a court-appointed public defender stating that he has filed his appeal *in forma pauperis*. [Doc. 15].

There is no constitutional right to counsel in post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (observing that the "right to appointed counsel extends to the first appeal of right, and no further"); *Foster v. United States*, 345 F.2d 675, 676 (6th Cir. 1965) (noting that the constitutional right to counsel does not extend to collateral proceedings). Even so, a district court has discretion, under 18 U.S.C. § 3006A(a)(2), to appoint counsel when "the interests of justice so require." *See Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987). In exercising discretion as to whether to appoint counsel, a court should consider several factors, including the nature of the case, whether the issues are legally or factually complex, and the litigant's ability to present the claims for relief to the court. *See Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993).

As set forth below, Petitioner has adequately presented his claims to the Court without the benefit of counsel, and the Court has found the issues to be without merit. None

5

of Petitioner's claims are legally or factually complex to warrant counsel. Petitioner has also failed to offer any material facts that would justify the appointment of counsel. Accordingly, his motion [Doc. 15] will be **DENIED**.

### B. Claim 1 – Fifth Amendment Violation

Petitioner claims that his Fifth Amendment rights were violated at trial due to the admission of evidence regarding his alleged marijuana theft from the impound lot. However, this issue was already litigated on direct appeal and is not reviewable absent highly exceptional circumstances, such as an intervening change in the law. *See* [Crim. Doc. 376, p. 2]; *Oliver v. United States*, 90 F.3d 177, 180 (6th Cir. 1996); *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999); *Davis v. United States*, 417 U.S. 333, 345 (1974). There has been no intervening change in the law in this case, nor has Petitioner shown exceptional circumstances indicating a "complete miscarriage of justice." Accordingly, Petitioner's Claim 1 will be **DENIED**.

### C. Claim 3 – Guidelines Calculation Error

Petitioner claims that the Court erred in his Guidelines calculations regarding the weight of the drugs. [Doc. 1]. It is well settled that an argument not raised on direct appeal is waived. *See Grant v. United States,* 72 F.3d 503, 505–06 (6th Cir.1996); *see also Jones*, 178 F.3d at 796. Arguments cannot be raised for the first time on collateral review unless the alleged error constitutes a "fundamental defect which inherently results in a complete miscarriage of justice." *Reed v. Farley*, 512 U.S. 339, 348 (1994) (citations omitted). The Sixth Circuit has specifically found that errors in the application of the Sentencing Guidelines do not warrant collateral relief under § 2255 absent a complete miscarriage of

6

justice. *See Grant*, 72 F.3d at 506. Petitioner has not shown exceptional circumstances or indicated a "complete miscarriage of justice." Accordingly, Petitioner's Claim 3 will be **DENIED**.

### D. Claim 2 – Ineffective Assistance of Counsel

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Const. amend. VI. A criminal defendant's Sixth Amendment right to counsel necessarily implies the right to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the *Strickland* standard for proving ineffective assistance of counsel, a movant must show: (1) that counsel's performance was deficient; and (2) that the deficient performance prejudiced the defense. *Id*.

To prove deficient performance, the movant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. The appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Id*. at 688. A movant asserting a claim of ineffective assistance of counsel must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id*. at 690. The evaluation of the objective reasonableness of counsel's performance must be made "from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986). It is strongly presumed that counsel's conduct was within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 690.

7

The prejudice prong "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is unreliable." *Id*. at 687. The movant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different[.]" *Id*. at 703. Counsel is constitutionally ineffective only if a performance below professional standards caused the defendant to lose what he "otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).

Petitioner alleges four claims of ineffective assistance. He alleges that was counsel was ineffective for: 1) for not raising a Fifth Amendment challenge to evidence about the impound-lot theft; 2) not producing evidence regarding that theft; 3) failing to "protect [Petitioner's] [F]ifth [A]mendment right against answering for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury;" and 4) not objecting to the drug quantity used for sentencing. [Doc. 1].

The Court first notes that for Ground 1, Petitioner's counsel did object to the evidence about the impound-lot theft and argued on appeal that the Court erred in allowing the evidence at trial. *See* [Crim. Doc. 376]. Counsel cannot be deemed ineffective for doing precisely what Petitioner now claims he should have done. Accordingly, Petitioner is not entitled to relief as to Ground 1.

As for Ground 2, Petitioner faults counsel for not producing evidence of the impound-lot theft and keeping Petitioner from "providing evidence against the accusation." Here, Petitioner's claim fails at *Strickland's* second step as he does not explain what evidence his counsel should have produced or how such evidence would have affected the

8

outcome of the trial. Petitioner has also not shown that failing to enter certain items into evidence was not sound strategy, let alone that he was prejudiced by counsel's strategic decisions. Strategic decisions of counsel are "effectively insulated" from review. *Hurley v. United States*, 10 F. Appx. 257, 260 (6th Cir. 2001). For strategic decisions, Petitioner must overcome a strong presumption that counsel's choices were reasonable. *See*, e.g., *Bentley v. Motley*, 248 F. Appx. 718 (6th Cir. 2007) "[T]he Sixth Amendment guarantees competence, not perfect litigation." *Baze v. Parker*, 371 F.3d 310, 320 (6th Cir. 2004). Petitioner has not overcome the presumption here as he has not established that counsel's performance fell below an objective standard of reasonableness. Accordingly, Petitioner is not entitled to relief as to Ground 2.

Regarding Ground 3, Petitioner has not explained what "capital or otherwise infamous crime" his counsel failed to protect him from answering for, nor has he provided the Court with any factual support for such a claim. Without some factual details to flesh out this claim of ineffective assistance, Petitioner's vague and conclusory allegations do not entitle him to relief. *Post v. Bradshaw*, 621 F.3d 406, 419 (6th Cir. 2010). As Ground 3 is conclusory and without factual support, the Court can reject this contention as insufficient to sustain the motion. *See Ushery v. United States*, No. 20-5292, 2020 U.S. App. LEXIS 21840, at *3–4 (6th Cir. July 14, 2020). Accordingly, Petitioner is not entitled to relief as to Ground 3.

Lastly, for Ground 4, Petitioner was convicted by a jury after a trial of conspiring and possessing with intent to distribute 1,000 kilograms of or more marijuana. [Crim. Doc. 236]. The jury made a specific finding regarding the amount of marijuana involved in the

9

conspiracy as a whole and determined it was 1,000 kilograms or more. [*Id*.]. The PSR correctly used this calculation to determine Petitioner's Guidelines calculations. An objection regarding the weight would have been frivolous due to the specific finding by the jury after Petitioner's trial. Counsel cannot be deemed ineffective for not raising frivolous arguments. *Chapman v. United States*, 74 F. App'x 590, 593 (6th Cir. 2003). Accordingly, Petitioner is not entitled to relief as to Ground 4.

In conclusion, Petitioner has not shown that he is entitled to relief as to Claim 2 for ineffective assistance of counsel for the reasons set forth above. Accordingly, Petitioner's Claim 2 will be **DENIED**.

## IV. CONCLUSION

For the reasons above, Petitioner's § 2255 motion [Doc. 1; Crim. Doc. 420] will be **DENIED** and **DISMISSED**, and Petitioner's motion for counsel [Doc 15] will be **DENIED**.

## V. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated a "substantial showing of a denial of a constitutional right." *Id.* The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.*

A petitioner whose claims have been rejected on the merits satisfies the requirements of § 2253(c) by showing that jurists of reason would find the assessment of the claims debatable or wrong. *Slack*, 529 U.S. at 484. Having examined Petitioner's claims under the *Slack* standard, the Court finds that reasonable jurists could not find that the dismissal of those claims was debatable or wrong. Therefore, the Court will **DENY** issuance of a certificate of appealability.

A separate judgment will enter.

        **IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge

11
Case 2:19-cv-00159-RLJ-CRW   Document 22   Filed 12/22/21   Page 11 of 11   PageID #: 83